UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COLONY NATIONAL INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 4:10CV199 RWS<br>) |
| LINDA L. CUNNINGHAM, et al., | )<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This case concerns an insurance coverage dispute stemming from a workplace accident on October 23, 2006. Scott E. Morris and Linda L. Cunningham, co-workers at Ace Manufacturing and Parts Inc. ("Ace Manufacturing"), were attempting to repair their employer's malfunctioning stamp press. Morris instructed Cunningham to turn off the stamp press, which she did. While Morris was examining the stamp press, Cunningham restarted it, resulting in the amputation of a portion of Morris' right hand. At the time of the accident, plaintiff Colony National Insurance Company ("Colony") insured Ace Manufacturing under a commercial general liability policy (the "Policy"). Morris filed suit against Cunningham in the Circuit Court of Franklin County, Missouri, alleging that Cunningham had negligently caused Morris' injury.

Colony filed the instant action seeking a declaratory judgment that the Policy does not cover Cunningham as an "insured" for Morris' injury. Colony now argues that it is entitled to judgment as a matter of law because the Policy excludes employees as "insureds" for bodily injuries to co-employees during the course of employment. Colony claims that summary judgment is proper because both parties agree that Morris suffered a bodily injury from an act of

his co-employee during the course of employment. Defendant Morris opposes the motion for summary judgment, arguing that summary judgment would be improper because either Cunningham is an "insured" under the Policy or because the Policy is at least ambiguous as to that question. Because there are no genuine disputes of material fact and the uncontroverted evidence demonstrates that Cunningham is not an "insured" under the Policy for Morris' injury, plaintiff's motion for summary judgment will be granted.

**Facts**

Scott Morris and Linda Cunningham were both employees of Ace Manufacturing. On October 23, 2006, Cunningham was operating a stamp press at work. When the stamp press malfunctioned, Morris instructed Cunningham to turn off the machine. While Morris was inspecting the stamp press, Cunningham restarted the press, resulting in the amputation of a portion of Morris' right hand. Morris filed suit against Cunningham in the Circuit Court of Franklin County, Missouri.

At the time of the accident, Ace Manufacturing was covered under a commercial general liability insurance policy with Colony National Insurance Company. The Policy states, in relevant part:

> **SECTION I - COVERAGES**
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> 1. **Insuring Agreement**
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

The Policy only provides coverage for the "insured." Section II of the Policy specifies who is an

"insured", stating in relevant part:

> **2.** Each of the following is also an insured:
> **a.** Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture, or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:
> **(1)** "Bodily injury" or "personal and advertising injury";
> **(a)** To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business, or to your other "volunteer workers" while performing duties related to the conduct of your business;
> **(b)** To the spouse, child, parent, brother or sister of that co-"employee" or "volunteer worker" as a consequence of Paragraph (1)(a) above;
> **(c)** For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in Paragraphs (1)(a) or (b) above; or
> **(d)** Arising out of his or her providing or failing to provide professional health care services.

In addition to the definitions of who is considered an "insured" under the Policy, there are a number of exclusions. These exclusions specify when the Policy does not apply. Some such exclusions include, in relevant part:

> This insurance does not apply to: . . .
> * * *
> **d.** **Workers' Compensation And Similar Laws**
> Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.
> **e.** **Employer's Liability**
> "Bodily injury" to:
> **(1)** An "employee" of the insured arising out of and in the course of:
> **(a)** Employment by the insured; or

  **(b)** Performing duties related to the conduct of the insured's business; or
**(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies:

**(1)** Whether the insured may be liable as an employer or in any other capacity; and

**(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

Colony filed the instant action, seeking a declaration that no coverage exists under the Policy for Cunningham concerning the injury to Morris. Colony moves for summary judgment, claiming that there is no coverage under the Policy as a matter of law because Cunningham is not an "insured" for bodily injury to a co-employee. Colony additionally claims that it is entitled to judgment as a matter of law because no coverage exists because of the Policy's workers' compensation exclusion. Morris opposes the motion for summary judgment, arguing that Cunningham was an "insured" under the Policy or that the Policy was ambiguous. I find that there are no genuine disputes of material fact and that no coverage exists for Cunningham concerning the injury to Morris.

## Standard for Summary Judgment

Summary judgment is appropriate when there is "no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden is on the moving party. *Id.* The court must view all facts and resolve all ambiguities in favor of the non-moving party. *Id.* However, the non-moving party must set forth specific facts showing that there is sufficient evidence to allow a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986).

**Discussion**

For cases in federal court based on diversity of citizenship, state substantive law governs. *Paine v. Jefferson Nat'l Life Ins. Co.*, 594 F.3d 989, 992 (8th Cir. 2010). Under Missouri law, "[i]nterpretation of an insurance policy is a question of law . . . ." *Keisker v. Farmer*, 90 S.W.3d 71, 74 (Mo. banc 2002). Coverage is determined by examining the language of the policy and the allegations in the complaint. *Am. Family Mut. Ins. Co. v. Tickle*, 99 S.W.3d 25, 28 (Mo. Ct. App. 2003). The court must construe clear and unambiguous language as it is written. *Bellamy v. Pacific Mut. Life Ins. Co.*, 651 S.W.2d 490, 495 (Mo. banc 1983). "'Whether an insurance policy is ambiguous is a question of law.'" *Todd v. Missouri United Schools Ins. Council*, 223 S.W.3d 156, 160 (Mo. banc 2007) (citation omitted). Ambiguity exists where the language is "reasonably open to different constructions," *Seeck v. Geico Ins. Co.*, 212 S.W.3d 129, 132 (Mo. banc 2007), but an unreasonable alternative construction will not render a term ambiguous. *Blair v. Perry County Mut. Ins. Co.*, 118 S.W.3d 605, 606 (Mo. banc 2003). Ambiguous language will be construed against the insurer. *Peters v. Employers Mut. Cas. Co.*, 853 S.W.2d 300, 302 (Mo. banc 1993).

  A. *Cunningham is not an "insured" with regards to Morris' injury*

The language of the Policy is clear and unambiguous. The Policy was issued to Ace Manufacturing, for whom the language of the Policy is directed. On page 9 of the commercial general liability coverage form, the Policy states that "[y]our" employees are also insureds, meaning that Ace Manufacturing's employees are also insureds under the Policy. That subsection goes on to specify, however, that employees are *not* insureds under the Policy for "'[b]odily injury' . . . to a co-'employee' while in the course of his or her employment or

5

performing duties related to the conduct of [Ace Manufacturing's] business." Giving a plain and ordinary meaning to this Policy, employees are not considered insureds for bodily injury to other employees while at work. Neither party in this case has argued that Cunningham and Morris were not co-employees. Because Morris' injury was allegedly caused by a co-employee, the ordinary language of the policy dictates that Cunningham is not an insured with regards to Morris' injury.

The Supreme Court of Missouri faced a similar issue in *Gavan v. Bituminous Cas. Corp.*, 242 S.W.3d 718, 721-22 (Mo. banc 2008). Based on a workplace injury involving two of his co-workers, Gavan attempted to collect damages from Bituminous Casualty Corporation because it had issued a commercial general liability policy to Gavan's employer. *Id.* at 719. After determining that Gavan was an "employee" under the policy, the court concluded that the policy's co-employee exclusion clause barred Gavan from recovering under the policy for his co-workers' negligence. *Id.* at 721-22. The *Gavan* court noted that its reading was consistent with the "purpose and function of the co-employee exclusion clause." *Id.* at 721 (citing *Am. Family Mutual Ins. Co. v. Tickle*, 99 S.W.3d 25 (Mo. App. 2003)). The court noted that "'[t]he primary purpose of an employee exclusion clause is to draw a sharp line between employees and members of the general public.'" *Id.* (internal citations omitted). The court went on to explain that such a line exists because "'the Worker's Compensation Act constitutes the full extent of an employer's liability for any injuries sustained by its employees . . . in the course of their employment,' while commercial general liability policies are designed to protect against injuries caused to the public or the public's property." *Id.*

The facts and rationale of the *Gavan* court strongly support the reading that Cunningham

6

is not covered under the Policy. In light of the Supreme Court of Missouri's explanation of such policies, the defendant's argument that the clause or Policy is ambiguous is unpersuasive.

      B.     *The Policy's Workers' Compensation exclusion clause does not apply*

Colony additionally argues that the Policy's Workers' Compensation exclusion clause excludes Cunningham from coverage. The language of the Policy specifies that the exclusion applies to "[a]ny obligation of the insured *under a workers' compensation . . . law . . . .*" (emphasis added). Because Morris' action against Cunningham is in tort, not under a workers' compensation law, this exclusion is inapplicable. Plaintiff's argument to the contrary is unpersuasive.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Colony National Insurance Company's Motion for Summary Judgment [#29] is **GRANTED**.

                                              RODNEY W. SIPPEL
                                              UNITED STATES DISTRICT JUDGE

Dated this 18th day of February, 2011.